# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**CLAUDIDE ANTOINE,**[1]

      **Petitioner,**

**v.**                                          **Case No. 4:14cv453-WS/CAS**

**WARDEN OF FCI TALLAHASSEE,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On or about August 21, 2014, Petitioner Claudide Antoine, a federal prisoner proceeding pro se, filed a "Placeholder Motion for Writ of Habeas Corpus," pursuant to 28 U.S.C. § 2241.   ECF No. 1.   After direction from this Court, Petitioner filed a § 2241 petition on the proper form.   ECF No. 4.   On November 12, 2014, Respondent filed an answer, with exhibits. ECF No. 8.   Petitioner did not file a reply, although given the opportunity to do so.   *See* ECF No. 6.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and

_____

[1]From the documents submitted both by Petitioner and Respondent, Petitioner's name is actually "Claudide Antoine," not "Claudide Atoine."   *See* ECF Nos. 4, 8-1, 8-2. Accordingly, the Clerk shall correct the spelling of Petitioner's name on this Court's docket.

Northern District of Florida Local Rule 72.2(B).   After careful consideration,

the undersigned concludes that Petitioner has not demonstrated

entitlement to proceed under § 2241 and this petition should be dismissed.

## Background

On August 25, 2008, in the United States District Court for the

Southern District of Florida, before Judge William P. Dimitrouleas,

Petitioner Claudide Antoine entered a guilty plea, pursuant to a plea

agreement, to the charge of conspiracy to import five kilograms or more of

cocaine in violation of 21 U.S.C. § 963.   ECF No. 8-1 at 21-26 (Plea

Agreement), 27-30 (Stipulation of Facts); ECF No. 8-2 at 1-6 (Judgment).

On October 23, 2008, Antoine filed objections to the Pre-Sentence

Investigation Report (PSR), including objecting to her role in the offense, a

Career Offender designation, and the criminal history.   ECF No. 8-1 at 31-

40.   In a written judgment imposed November 24, 2008, the court

sentenced her to 210 months in prison, followed by 5 years of supervised

release.   ECF No. 8-2 at 2-3.   The court imposed a downward departure.

*Id.* at 7, 15.   Antoine did not appeal.

Antoine subsequently filed several motions, including a motion to

amend or correct judgment and a motion to reduce sentence.   See ECF

No. 8-1 at 1-6, ECF No. 8-2 at 8-13, 17-35.   The court denied these

motions without prejudice to Antoine filing a properly sworn § 2255 motion.

ECF No. 9-2 at 14-16, 36-40.

As indicated above, Petitioner Antoine filed this § 2241 petition on or

about August 21, 2014, while incarcerated at the Federal Correctional

Institution in Tallahassee, Florida.   ECF No. 1.   According to the website

for the Federal Bureau of Prisons, Antoine is now incarcerated at Carswell

FMC in Fort Worth, Texas.   *See* www.bop.gov.   Although Antoine's

apparent transfer after she filed her § 2241 petition does not deprive this

Court of jurisdiction, *see* Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004), her

failure to provide this Court with an updated address could warrant

dismissal of this case.

Respondent has filed an answer, with exhibits.   ECF No. 8.

Respondent argues this § 2241 petition should be dismissed because the

Court lacks subject matter jurisdiction to consider the case.   *Id.*   In

particular, Respondent asserts Antoine has not met her burden of opening

the portal to seek relief under § 2241 by establishing that the savings

clause of § 2255 applies.   *Id.* at 6-7.

Notably, after her transfer to Carswell FMC, Antoine filed a § 2255

motion in the sentencing court, arguing that, pursuant to <u>Johnson v. United States</u>, 135 S. Ct. 2551 (1015), her sentence was improperly enhanced under the Armed Career Criminal Act (ACCA).   <u>United States v. Antoine</u>, No. 0:16cv61385-WPD, ECF No. 1.   She also raised grounds alleging ineffective assistance of counsel for not objecting to the amount of drugs involved or to role enhancement as well improper enhancement for her role.   *Id.*   In a Final Judgment and Order entered June 28, 2016, the court dismissed the motion as time-barred and, alternatively, on the merits.   *Id.* ECF No. 3.   The court explained, on the merits, that "<u>Johnson</u> concerned the residual clause of the crime of violence section of the ACCA" whereas "Antoine's predicate convictions were drug offenses and her sentence was as a career offender under the guidelines."   *Id.* at 3.   The court further explained:

> 10.   One cannot just cite to a retroactive case and then argue other time-barred issues unless the retroactive case is arguably, applicable to her case.   Moreover, <u>Johnson</u> involved an ACCA sentence, not a guideline sentence.   <u>Johnson</u> has not been applied to the guidelines in the Eleventh Circuit.   <u>U.S. v. Matchett</u>, 802 F.3d 1185, 1194 (11th Cir. 2016).   <u>Matchett</u> is binding precedent in the Eleventh Circuit.   <u>In re: Griffin</u>, 2016 WL 3002293[, at] *4 (11th Cir. 2016), *see also*, <u>U.S. v. Ghany</u>, 2016 WL 3181348 (11th Cir. 2016).
>
> 11.   Even if not time-barred, Antoine is not entitled to any

relief on the merits of her conclusory allegations.   She agreed
to the amount of drugs.   Defense counsel objected to an
aggravating role.   Hearsay is admissible in sentencing
hearings.

*Id.*   Antoine has appealed and her appeal is currently pending in the

Eleventh Circuit.   *See* Antoine v. United States, No. 16-15012 (11th Cir.).

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue

the writ of habeas corpus.   *See* United States v. Hayman, 342 U.S. 205

(1952).   The habeas remedy is now codified in 28 U.S.C. § 2241,

subsection (c)(3) of which provides that the writ of habeas corpus shall not

extend to a prisoner unless the prisoner is "in custody in violation of the

Constitution or laws or treaties of the United States."   As noted in Hayman,

prisoners must bring habeas corpus applications in the district of

confinement.   342 U.S. at 213.   Because courts with federal prisons in

their jurisdictional boundaries became inundated with habeas petitions, and

because the materials, witnesses, and other evidence which had a

significant bearing on the determination of the legality of a sentence were

generally located in the district where sentence was imposed rather than

where the prisoner was confined, in 1948 Congress enacted § 2255 of Title

28.   *See* <u>Hayman</u>, 342 U.S. at 212–14, 218; *see also* <u>Wofford v. Scott</u>, 177

F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has

expressly concluded, that this statute channels challenges to the legality of

the imposition of a sentence, while leaving § 2241 available to challenge

the continuation or execution of an initially valid confinement.   *See*

<u>Antonelli v. Warden, U.S.P. Atlanta</u>, 542 F.3d 1348, 1351–52 (11th Cir.

2008); <u>United States v. Jordan</u>, 915 F.2d 622, 629 (11th Cir. 1990)

(explaining § 2255 is primary method of collateral attack on federally

imposed sentence).   Thus, § 2241 provides an avenue for challenges to

matters such as the administration of sentences or parole, prison

disciplinary actions, prison transfers, and certain types of detention.   *See*

<u>Antonelli</u>, 542 F.3d at 1352 (petition challenging decision of federal Parole

Commission is properly brought pursuant to § 2241); <u>Thomas v. Crosby</u>,

371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention

is properly brought pursuant to § 2241); <u>Bishop v. Reno</u>, 210 F.3d 1295,

1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons'

administration of service credits, including calculation, awarding, and

withholding, involves execution rather than imposition of sentence, and

thus is matter for habeas corpus).

In this case, Antoine's § 2241 petition raises two grounds:

(1)  Due Process – "Not proven to jury beyond a reasonable doubt, for enhancement."   ECF No. 4 at 3;

(2)  Due Process – "Career Offender enhancement used 20-year-old charge to place me in this category."   *Id.*

Antoine thus challenges the validity of her conviction and sentence, not the execution of her sentence.

A collateral attack on the validity of a federal conviction and sentence is properly brought under 28 U.S.C. § 2255 in the district of conviction. *See, e.g.*, Antonelli, 542 F.3d at 1351-52; Sawyer v. Holder, 326 F.3d 1353, 1365 (11th Cir. 2003); Jordan, 915 F.2d at 629.   The Eleventh Circuit has explained:

> In general, a federal prisoner seeking to challenge the legality of his conviction or sentence has two bites at the apple: one on direct appeal, and one via a § 2255 motion.   In the interests of finality, the law generally bars prisoners from filing second or successive § 2255 motions, except when "certified as provided in section 2244[(b)(3)(A)] by a panel of the appropriate court of appeals to contain" either "newly discovered evidence" of actual innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."   *See* 28 U.S.C. § 2255(h); Gilbert [v. United States], 640 F.3d

[1293,] 1309 [(11th Cir. 2011 (en banc)].   This bar
on second or successive motions is jurisdictional.

Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1339 (11th

Cir. 2013).   "A petitioner who has filed and been denied a previous § 2255

motion may not circumvent the successive motion restrictions simply by

filing a petition under § 2241."   Darby v. Hawk-Sawyer, 405 F.3d 942, 945

(11th Cir. 2005) (citing Wofford, 177 F.3d at 1245); *see, e.g.*, Antonelli, 542

F.3d at 1351.

Title 28 U.S.C. § 2255(e) provides in pertinent part:

An application for a writ of habeas corpus in behalf of a prisoner
who is authorized to apply for relief by motion pursuant to this
section, shall not be entertained if it appears that the applicant
has failed to apply for relief, by motion, to the court which
sentenced him, or that such court has denied him relief, *unless
it also appears that the remedy by motion is inadequate or
ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238.   The

italicized language, known as the "savings clause," allows review of a claim

barred as successive under § 2255, but only in limited circumstances:

The savings clause of § 2255 applies to a claim when: 1) that
claim is based upon a retroactively applicable Supreme Court
decision; 2) the holding of that Supreme Court decision
establishes the petitioner was convicted for a nonexistent
offense; and, 3) circuit law squarely foreclosed such a claim at
the time it otherwise should have been raised in the petitioner's

trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.   Failure to meet a single prong means a petitioner's claim fails.   *See* Wofford*,* 177 F.3d at 1244; Flint v. Jordan, 514 F.3d 1165, 1168 (11th Cir. 2008).   "The applicability of the savings clause is a threshold jurisdictional issue, and the savings clause imposes a subject-matter jurisdictional limit on § 2241 petitions."   Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1273 (11th Cir. 2014) (citing Williams, 713 F.3d at 1337-38).   A petitioner has the burden of demonstrating entitlement to proceed under the savings clause.   *Id.*

As set forth above, Antoine has filed numerous motions, including (an untimely) § 2255 motion, in the sentencing court challenging her conviction and sentence, all of which have been denied.   To proceed under § 2241, Antoine has to show that she is entitled to proceed under the savings clause and § 2255 is "inadequate or ineffective" to challenge the legality of her detention.   28 U.S.C. § 2255(e).

Antoine has made no specific argument or showing that she is entitled to proceed under the savings clause.   She does not identify any "retroactively applicable Supreme Court decision overturning circuit precedent," Wofford, 177 F.3d at 1245, or satisfy any subsequent test

identified by the Eleventh Circuit, to open the § 2241 portal.   *See* Gilbert,

640 F.3d at 1319 (explaining that three-factor test in Wofford was "only

dicta" and "[t]he actual holding of the Wofford decision . . . is simply that the

savings clause does not cover sentence claims that could have been raised

in earlier proceedings"); Turner v. Warden Coleman FCI (Medium), 709

F.3d 1328, 1334 (11th Cir. 2013) ("The upshot of Gilbert, then, is that the

last bastion in which a petitioner claiming an error in the application of the

sentencing guidelines can possibly seek refuge through § 2241 is when his

claims involve an intervening change in the law that renders erroneous the

ACCA violent felony enhancement used to enhance his sentence beyond

the statutory maximum."); Williams v. Warden, Fed. Bureau of Prisons, 713

F.3d 1332, 1343 (11th Cir. 2013) (explaining: "Wofford's holding

establishes two necessary conditions – although it does not go so far as

holding them to be sufficient – for a sentencing claim to pass muster under

the savings clause.   First, the claim must be based upon a retroactively

applicable Supreme Court decision.   The second, and equally essential,

condition is that the Supreme Court decision must have overturned a circuit

court precedent that squarely resolved the claim so that the petitioner had

no genuine opportunity to raise it at trial, on appeal, or in his first § 2255

motion."); <u>Bryant v. Warden, FCC Coleman-Medium</u>, 738 F.3d 1253, 1274
(11th Cir. 2013) ("To show his prior § 2255 motion was 'inadequate or
ineffective to test the legality of his detention,' Bryant must establish that (1)
throughout his sentencing, direct appeal, and first § 2255 proceeding, our
Circuit's binding precedent had specifically addressed Bryant's distinct prior
state conviction that triggered § 924(e) and had squarely foreclosed
Bryant's § 924(e) claim that he was erroneously sentenced above the 10-
year statutory maximum penalty in § 924(a); (2) subsequent to his first
§ 2255 proceeding, the Supreme Court's decision in <u>Begay [v. United
States</u>, 553 U.S. 137 (2008)], as extended by this Court to Bryant's distinct
prior conviction, overturned our Circuit precedent that had squarely
foreclosed Bryant's § 924(e) claim; (3) the new rule announced in <u>Begay</u>
applies retroactively on collateral review; (4) as a result of <u>Begay</u>'s new rule
being retroactive, Bryant's current sentence exceeds the 10-year statutory
maximum authorized by Congress in § 924(a); and (5) the savings clause
in § 2255(e) reaches his pure § 924(e)-<u>Begay</u> error claim of illegal
detention above the statutory maximum penalty in § 924(a).").

      Petitioner Antoine has not shown the savings clause applies here, to
open the § 2241 portal, because remedy by § 2255 was "inadequate or

ineffective" to test the legality of her detention.   Therefore, this § 2241 petition should be dismissed for lack of jurisdiction.

## Conclusion

For the reasons set forth above, Petitioner Antoine has not shown entitlement to proceed under 28 U.S.C. § 2241.   Accordingly, it is **RECOMMENDED** that the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 4) be **DISMISSED for lack of jurisdiction**.   The Clerk shall correct the spelling of Petitioner's name, to Claudide Antoine, on this Court's docket.

**IN CHAMBERS** at Tallahassee, Florida, on November 9, 2016.

**S/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or**

issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.